IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL ANN RANKIN, )<br>)<br>      Plaintiff, )<br>)<br> -vs- )<br>)<br>CAROLYN W. COLVIN,[1] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>      Defendant. ) | Civil Action No.  12-1275 |

AMBROSE, Senior District Judge.

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9).  Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8 and 10).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 9) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 7).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and social security income pursuant to the Social Security Act ("Act").  Plaintiff filed an application for benefits on August 7, 2009, alleging she had been disabled due to various issues since December 12, 2006. (Docket No. 5-5, pp. 1-13).   Administrative Law Judge ("ALJ") Richard E. Guida held a hearing on February 14, 2011.  (Docket No. 5-2, pp. 27-62).  On March 3, 2011,

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

the ALJ found that Plaintiff was not disabled under the Social Security Act.  (Docket No. 5-2, pp 10-21).  After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9).  The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.   Whether the ALJ failed to accord proper weight to Plaintiff's treating pain physician, Dr. Stephanie Hahn Le**

Plaintiff argues that the ALJ erred in according inadequate weight to the opinions of Plaintiff's treating pain physician, Dr. Le. (ECF No. 8, pp. 15-17). The amount of weight accorded to a treating physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-

examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin*., No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

Here, Plaintiff submits that "Dr. Le's opinions are consistent with other medical evidence of record and that her opinions are corroborated by her findings on physical examination." (ECF No. 8, p. 15). To begin with, Plaintiff has misapplied the standard. It is not whether there is evidence to support the treating doctor's opinion. Rather, it is whether there exists contradictory medical evidence upon which the ALJ used to reject the treating physician's assessment. *Becker*, 2010 WL 5078238 at *5.

Applying the standard correctly and upon reading the record as a whole, I find no error on the part of the ALJ. The ALJ gave Dr. Le's opinion less weight because "her opinion is inconsistent with the medical evidence and the claimant's reported activities, and appears to be based primarily on the claimant's subjective reporting of her symptoms." (ECF No. 5-2, p. 18). After a review of the entire record, I find there is sufficient evidence to support the ALJ's decision to accord Dr. Le's opinions less weight. (ECF No. 5-16, pp. 26-32; 5-14, pp. 53-73; 5-10; 5-2, pp. 17). *See,* 20 C.F.R. §404.1527. Therefore, I find no error by the ALJ in this regard.[2]

### C. **Whether the ALJ improperly evaluated Plaintiff's credibility in failing to consider her inability to afford medical treatment**

---

[2] Plaintiff also argues that it was error on the part of the ALJ for using Dr. Seaman's opinion on permanent and total disability as a basis for rejecting Dr. Le's opinions. (ECF No. 8, p. 16-17). After a review of the opinion, however, I find that the ALJ did not use Dr. Seaman's ultimate opinion on permanent and total disability to reject Dr. Le's opinion. Rather, he rejected Dr. Le's opinion based on, *inter alia,* Dr. Seaman's treatment records. (ECF No. 5-2, p. 18). Therefore, I find no merit to this argument.

...

Plaintiff next argues that the ALJ erred in evaluating Plaintiff's credibility based on a gap in her medical treatment from 2006 until 2009.[3] (ECF No. 8, pp. 17-19). I disagree. The ALJ did not ignore that Plaintiff did not have insurance from the onset date until 2009. In fact, the record which the ALJ cites as evidence for the "gap" plainly states that Plaintiff was not seen for a period of time because she "reportedly lost her insurance from 2005 until now." (ECF No. 5-10, p. 4).

More importantly, unlike the case cited by Plaintiff, the ALJ here did not deny benefits due to Plaintiff's failure to seek medical treatment. Rather, the ALJ's assessment of Plaintiff's credibility in this case was based on the record as a whole including the medical evidence, her own statements, and how her statements compared to the medical evidence. (ECF No. 5-2, pp. 16-18). Therefore, I find the ALJ properly assessed Plaintiff's credibility and find no error in this regard.

---

[3] A review of the ALJ's opinion indicates, however, that the gaps occurred from August 2004 through 2008. (ECF No. 5-2, p. 17).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL ANN RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 12-1275 |
| ) | |
| CAROLYN W. COLVIN,[4] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 26th day of July, 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.